**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(Central Division)**

| | |
|---|---|
| LEE BIRCHANSKY, M.D.; FOX EYE SURGERY, LLC; KORVER EAR NOSE AND THROAT, LLC; and MICHAEL JENSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> GERD W. CLABAUGH, et al. <br><br> Defendants. | Civil Action No. 4:17-cv-209 <br><br><br> **ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF and AFFIRMATIVE DEFENSES** |

COME NOW Defendants, and for their answer to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief state as follows:

1.     Defendants admit that this is a constitutional challenge to Iowa's certificate-of-need requirement, but deny the remainder of paragraph 1.

2.     Defendants admit that Iowa requires an outpatient surgical facility to apply for and receive a certificate of need and that an applicant must convince the State Health Facilities Council that a need exists for the project to obtain a certificate of need. Defendants deny the remainder of paragraph 2.

3.     Deny.

4.     Deny.

5.     Deny.

6.     Deny.

7.     Deny.

8.     Deny.

1

9.    Defendants admit that Plaintiffs bring suit under the cited laws, but deny Defendants have violated these laws and deny Plaintiffs are entitled to relief.

10.    Defendants deny paragraph 10 for lack of information.

11.    Admit.

12.    Admit.

13.    Admit.

14.    Admit.

15.    Admit.

16.    Admit.

17.    Deny.

18.    Defendants deny paragraph 18 for lack of information.

19.    Defendants deny paragraph 19 for lack of information.

20.    Defendants deny paragraph 20 for lack of information.

21.    Defendants deny paragraph 21 for lack of information.

22.    Defendants deny paragraph 22 for lack of information.

23.    Defendants deny paragraph 23 for lack of information.

24.    Defendants deny paragraph 24 for lack of information.

25.    Defendants deny paragraph 25 for lack of information.

26.    Admit.

27.    Admit.

28.    Defendants admit that Defendant Clabaugh is the Director of the Department of Public Health, that his office is located at Lucas State Office Building, 321 E. 12th Street, Des Moines, IA 50319, and that he is domiciled in Polk County. Defendants deny the remainder of paragraph 28.

2

29.     Defendants admit that all rules adopted by the Department are subject to approval by the Board; however the proper cite is Iowa Code section 136.3(9).

30.     Defendants admit that the State Board of Health is comprised of 11 members and that its duties include, but are not limited to, those cited.

31.     Admit.

32.     Admit.

33.     Defendants admit that Rebecca Swift is the Certificate of Need Program Manager.  Defendants deny that Rebecca Swift is domiciled in Jasper County.

34.     Admit.

35.     Admit.

36.     Deny.

37.     Admit.

38.     Admit.

39.     Admit.

40.     Admit.

41.     Defendants deny paragraph 41 for lack of information.

42.     Defendants deny paragraph 42 for lack of information.

43.     Defendants deny paragraph 43 for lack of information.

44.     Defendants deny paragraph 44 for lack of information.

45.     Defendants deny paragraph 45 for lack of information.

46.     Defendants deny paragraph 46 for lack of information.

47.     Defendants admit this lawsuit challenges the constitutionality of CON requirements for outpatient surgical facilities.  Defendants deny the remainder of paragraph 47.

48.     Defendants deny paragraph 48 for lack of information.

49.     Defendants deny paragraph 49 for lack of information.

50.     Defendants deny paragraph 50 for lack of information.

51.     Defendants deny paragraph 51 for lack of information.

52.     Defendants admit this lawsuit challenges the constitutionality of CON requirements for outpatient surgical facilities.  Defendants deny the remainder of paragraph 52.

53.     Admit.

54.     Defendants deny paragraph 54 for lack of information.

55.     Defendants deny paragraph 55 for lack of information.

56.     Defendants deny paragraph 56 for lack of information.

57.     Defendants deny paragraph 57 for lack of information.

58.     Defendants deny paragraph 58 for lack of information.

59.     Defendants deny paragraph 59 for lack of information.

60.     Admit.

61.     Deny.

62.     Defendants deny paragraph 62 for lack of information.

63.     Defendants deny paragraph 63 for lack of information.

64.     Defendants deny paragraph 64 for lack of information.

65.     Defendants deny paragraph 65 for lack of information.

66.     Defendants deny paragraph 66 for lack of information.

67.     Defendants deny paragraph 67 for lack of information.

68.     Defendants deny paragraph 68 for lack of information.

69.     Defendants deny paragraph 69 for lack of information.

70.     Admit.

71.     Defendants deny paragraph 71 for lack of information.

72.     Defendants deny paragraph 72 for lack of information.

73.     Defendants deny paragraph 73 for lack of information.

74.     Defendants deny paragraph 74 for lack of information.

75.     Defendants deny paragraph 75 for lack of information.

76.     Defendants deny paragraph 76 for lack of information.

77.     Defendants deny paragraph 77 for lack of information.

78.     Defendants deny paragraph 78 for lack of information.

79.     Defendants admit that the State Health Facilities Council granted

Dr. Birchansky a certificate of need to develop an outpatient surgical facility.

Defendants deny for lack of information the timeline within which the facility "will be up

and running."

80.     Defendants deny paragraph 80 for lack of information.

81.     Defendants deny paragraph 81 for lack of information.

82.     Defendants deny paragraph 82 for lack of information.

83.     Defendants deny paragraph 82 for lack of information.

84.     Defendants deny paragraph 84 for lack of information.

85.     Defendants deny paragraph 85 for lack of information.

86.     Defendants deny paragraph 86 for lack of information.

87.     Defendants deny paragraph 87 for lack of information.

88.     Defendants deny paragraph 88 for lack of information.

89.     Defendants deny paragraph 89 for lack of information.

90.     Defendants deny paragraph 90 for lack of information.

91.     Defendants deny paragraph 91 for lack of information.

92.     Defendants deny paragraph 92 for lack of information.

93.     Defendants deny paragraph 93 for lack of information.

94.     Defendants deny paragraph 94 for lack of information.

95.     Defendants deny paragraph 95 for lack of information.

96.     Defendants deny paragraph 96 for lack of information.

97.     Defendants deny paragraph 97 for lack of information.

98.     Defendants deny paragraph 98 for lack of information.

99.     Defendants deny paragraph 99 for lack of information.

100.    Defendants deny paragraph 100 for lack of information.

101.    Defendants deny paragraph 101 for lack of information.

102.    Defendants deny paragraph 102 for lack of information.

103.    Defendants deny paragraph 103 for lack of information.

104.    Defendants deny paragraph 104 for lack of information.

105.    Admit.

106.    Defendants deny paragraph 106 for lack of information.

107.    Admit.

108.    Defendants deny paragraph 108 for lack of information.

109.    Defendants deny paragraph 109 for lack of information.

110.    Defendants deny paragraph 110 for lack of information.

111.    Defendants deny paragraph 111 for lack of information.

112.    Defendants deny paragraph 112 for lack of information.

113.    Defendants deny paragraph 113 for lack of information.

114.    Defendants deny paragraph 114 for lack of information.

115.    Defendants deny paragraph 115 for lack of information.

116.    Defendants deny paragraph 116 for lack of information.

117.    Deny.

118.    Deny.

119.    Deny.

120.    Defendants admit that the CON process involves multiple steps. Defendants deny the remainder of paragraph 120.

121.    Admit.

122.    Admit.

123.    Defendants admit that new or changed institutional health service is defined to include the construction, development, or other establishment of a new institutional health facility, and that the term institutional health facility includes an outpatient surgical facility.

124.    Admit.

125.    Admit.

126.    Admit.

127.    Defendants admit that the Department must notify "affected persons" as defined by Iowa Code § 135,61(1).  Defendants deny that code section uses the phrase "persons who are or will be competitors."

128.    Defendants admit that consumers or third-party payers may receive notice from the news media.  Defendants deny the remainder of paragraph 128.

129.    Admit.

130.    Defendants admit that a public hearing is conducted by the Health Facilities Council.  Defendants deny the remainder of paragraph 130.

131.    Admit.

132.    Defendants admit the hearing format is contained in rule as listed. Defendants deny that an applicant is required to provide rebuttal.

133.    Defendants admit that the Department and the Council are required to consider 18 different criteria including those listed in paragraph 133.  Defendants deny the remainder of paragraph 133.

134.    Defendants admit that the Council may grant a CON only if it makes written findings regarding the four mandatory criteria.  Defendants deny the statute requires an applicant to "satisfy" the 18 statutory criteria.

135.    Admit.

136.    Admit.

137.    Defendants admit that any dissatisfied party who is an affected person with respect to the application, and who participated or sought to participate in the formal review process, may appeal.  Defendants deny the remainder of paragraph 137.

138.    Defendants admit that the Health Facilities Council possesses discretion in determining whether to grant a CON, and that the Health Facilities Council must comply with the statute in its determination.  Defendants deny the remainder of paragraph 138.

139.    Deny.

140.    Admit.

141.    Deny.

142.    Deny.

143.    Deny.

144.    Deny.

145.   Deny.

146.   Deny.

147.   Defendants deny paragraph 147 for lack of information.

148.   Defendants deny paragraph 148 for lack of information.

149.   Defendants deny paragraph 149 for lack of information.

150.   Admit.

151.   Defendants deny paragraph 151 for lack of information.

152.   Defendants deny paragraph 152 for lack of information.

153.   Admit.

154.   Defendants admit Plaintiffs are challenging CON requirements.

Defendants deny the remainder of paragraph 154.

155.   Admit.

156.   Admit.

157.   Admit.

158.   Defendants deny paragraph 158 for lack of information.

159.   Admit.

160.   Admit.

161.   Defendants deny paragraph 161 for lack of information.

162.   Defendants deny paragraph 162 for lack of information.

163.   Defendants deny paragraph 163 for lack of information.

164.   Admit.

165.   Defendants deny paragraph 165 for lack of information.

166.   Admit.

167.   Admit.

168.   Admit.

169.   Admit.

170.   Defendants deny paragraph 170 for lack of information.

171.   Defendants deny paragraph 171 for lack of information.

172.   Admit.

173.   Admit.

174.   Admit.

175.   Admit.

176.   Admit.

177.   Defendants deny paragraph 177 for lack of information.

178.   Admit.

179.   Admit.

180.   Admit.

181.   Defendants deny paragraph 181 for lack of information.

182.   Admit.

183.   Admit.

184.   Defendants deny paragraph 184 for lack of information.

185.   Deny.

186.   Deny.

187.   Admit.

188.   Defendants deny paragraph 188 for lack of information.

189.   Defendants deny paragraph 189 for lack of information.

190.   Defendants deny paragraph 190 for lack of information.

191.   Defendants deny paragraph 191 for lack of information.

192.    Defendants deny paragraph 192 for lack of information.

193.    Defendants deny paragraph 193 for lack of information.

194.    Defendants deny paragraph 194 for lack of information.

195.    Defendants deny paragraph 195 for lack of information.

196.    Defendants deny paragraph 196 for lack of information.

197.    Defendants deny paragraph 197 for lack of information.

198.    Defendants deny paragraph 198 for lack of information.

199.    Defendants deny paragraph 199 for lack of information.

200.    Defendants deny paragraph 200 for lack of information.

201.    Defendants deny paragraph 201 for lack of information.

202.    Admit.

203.    Deny.

204.    Defendants deny paragraph 204 for lack of information.

205.    Defendants deny paragraph 205 for lack of information.

206.    Defendants deny paragraph 206 for lack of information.

207.    Defendants deny paragraph 207 for lack of information.

208.    Defendants deny paragraph 208 for lack of information.

209.    Defendants deny paragraph 209 for lack of information.

210.    Defendants deny paragraph 210 for lack of information.

211.    Defendants deny paragraph 211 for lack of information.

212.    Defendants deny paragraph 212 for lack of information.

213.    Defendants deny paragraph 213 for lack of information.

214.    Defendants deny paragraph 214 for lack of information.

215.    Defendants deny paragraph 215 for lack of information.

216.    Defendants deny paragraph 216 for lack of information.

217.    Defendants deny paragraph 217 for lack of information.

218.    Defendants deny paragraph 218 for lack of information.

219.    Defendants deny paragraph 219 for lack of information.

220.    Defendants deny paragraph 220 for lack of information.

221.    Defendants admit that Defendants are responsible for administering and enforcing Iowa's certificate of need program.  Defendants deny the remainder of paragraph 221.

222.    Deny.

223.    Defendants reallege and incorporate their responses to paragraphs 1 through 222 as if fully set forth herein.

224.    Paragraph 224 sets forth no allegations against Defendants, therefore no response is required.

225.    Deny.

226.    Defendants deny paragraph 226 for lack of information.

227.    Defendants deny paragraph 227 for lack of information.

228.    Defendants deny paragraph 228 for lack of information.

229.    Defendants deny paragraph 229 for lack of information.

230.    Defendants deny paragraph 230 for lack of information.

231.    Defendants deny paragraph 231 for lack of information.

232.    Defendants deny paragraph 232 for lack of information.

233.    Deny.

234.    Deny.

235.    Deny.

236.   Deny.

237.   Deny.

238.   Defendants deny paragraph 238 for lack of information.

239.   Defendants reallege and incorporate their responses to paragraphs 1 through 238 as if fully set forth herein.

240.   Paragraph 240 sets forth no allegations against Defendants, therefore no response is required.

241.   Deny.

242.   Deny.

243.   Deny.

244.   Deny.

245.   Deny.

246.   Defendants deny paragraph 246 for lack of information.

247.   Defendants reallege and incorporate their responses to paragraphs 1 through 246 as if fully set forth herein.

248.   Paragraph 248 sets forth no allegations against Defendants, therefore no response is required.

249.   Paragraph 249 sets forth no allegations against Defendants, therefore no response is required.

250.   Deny.

251.   Defendants deny paragraph 251 for lack of information.

252.   Defendants reallege and incorporate their responses to paragraphs 1 through 251 as if fully set forth herein.

253.    Paragraph 253 sets forth no allegations against Defendants, therefore no response is required.

254.    Paragraph 254 sets forth no allegations against Defendants, therefore no response is required.

255.    Paragraph 255 sets forth no allegations against Defendants, therefore no response is required.

256.    Paragraph 256 sets forth no allegations against Defendants, therefore no response is required.

257.    Defendants deny paragraph 257 for lack of information.

258.    Paragraph 258 sets forth no allegations against Defendants, therefore no response is required.

259.    Paragraph 259 sets forth no allegations against Defendants, therefore no response is required.

260.    Paragraph 260 sets forth no allegations against Defendants, therefore no response is required.

261.    Deny.

262.    Deny.

263.    Deny.

264.    Deny.

265.    Defendants deny paragraph 265 for lack of information.

266.    Deny.

WHEREFORE, Defendants respectfully request that Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief be dismissed with costs assessed to Plaintiffs.

AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to state a claim upon which relief may be granted.

2.      This Court may lack subject matter jurisdiction for one or more of Plaintiffs' claims.


THOMAS J. MILLER
ATTORNEY GENERAL OF IOWA

JEFFREY S. THOMPSON
Solicitor General


  /s/  Jeffrey C. Peterzalek
JEFFREY C. PETERZALEK
Assistant Attorneys General
Iowa Department of Justice
Hoover State Office Building, 2nd Fl.
1305 East Walnut Street
Des Moines, Iowa 50319
Telephone:  (515) 281-4213
Facsimile:  (515) 281-4209
Email:  Jeffrey.Peterzalek@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

All Parties Served Electronically

<table>
<tr><td colspan="2" align="center"><strong>Proof of Service</strong></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on March 12, 2018.</td></tr>
<tr><td>☐ U.S. Mail</td><td>☐ FAX</td></tr>
<tr><td>☐ Hand Delivery</td><td>☐ E-mail</td></tr>
<tr><td>☐ Federal Express</td><td>☒ Electronic Filing</td></tr>
<tr><td colspan="2">Signature:   /s/  Val Naset</td></tr>
</table>

15