**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| LEE BIRCHANSKY, M.D.; FOX EYE SURGERY, LLC; KORVER EAR NOSE AND THROAT, LLC; MICHAEL JENSEN and MICHAEL DRIESEN, <br><br> Plaintiffs, <br><br> vs. <br><br> GERD W. CLABAUGH, et al. <br><br> Defendants. | Civil Action No. 4:17-cv-209 <br><br><br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Pursuant to the Scheduling Order of November 22, 2017, the Defendants hereby submit a Reply to Plaintiffs' Resistance to Defendants' Motion for Summary Judgment:

I.     IOWA'S CON LAW BENEFITS IOWA HOSPITALS, THEREBY PROMOTING ACCESS FOR ALL IOWANS TO COMPREHENSIVE HEALTHCARE.

In Defendants' Motion for Summary Judgment, Defendants assert the challenged provisions of Iowa's CON law further legitimate state interests in part by assisting Iowa community hospitals in maintaining financial viability, thereby ensuring access on behalf of all Iowa residents to comprehensive healthcare.  Plaintiffs respond in their Resistance that these interests aren't conceivable because Iowa's CON law does not serve to *only* protect Iowa hospitals, but also to protect other existing facilities. However, in the course of making this argument Plaintiffs recognize that the CON law does in fact benefit hospitals, therefore Defendants arguments stand.

Plaintiffs' argument that the CON law is over-inclusive because it protects hospitals *and* protects other existing facilities attempts to move the goalposts on

rational basis review:   in fact, as long as the asserted state interests are furthered by the law it survives review, even if not drawn with perfect exactitude.  Hence, even if the CON law does protect other existing facilities, the fact that it undisputedly protects Iowa hospitals for the many legitimate reasons cited by Defendants ensures that it readily withstands rational basis scrutiny.  *See Vance v. Bradley*, 440 U.S. 93, 108 (1979) (a classification may survive review even if it is over-inclusive; "perfection is by no means required");  *Minnesota Ass'n of Health Care Facilities v. Minnesota,* 742 F.2d 442, 447 - 448 (8th Cir. 1984) (rational distinctions may be drawn with "substantially less than mathematical exactitude") *citing New Orleans v. Dukes*, 427 U.S. 297 (1976).

Additionally, Plaintiffs cry foul because they assert the CON statute assists not only hospitals but also "hospital-affiliated" and other "incumbent facilities," but Plaintiffs entirely miss the point that regardless of whether an outpatient surgical center is part of a hospital, is hospital-affiliated, or was formed in partnership with a hospital – such "incumbent facility" *does not financially harm the hospital*.  The CON law protects from competition (1) hospitals, (2) hospital-affiliated facilities, and (3) facilities like the Surgery Center of Cedar Rapids which opened with the consent of a hospital and are operated as a joint venture with a hospital.  (DSUF at ¶¶ 24, 25; PSUMF at ¶¶ 102 – 104. 106, 110).   In each of these cases the CON law operates to protect hospitals by ensuring that the types of new outpatient facilities which can be opened without Council review are those which will not financially harm existing hospitals.  In short, the CON law furthers the eight interests established in the Defendants' Motion for Summary Judgment because it ensures that new, independent outpatient surgical facilities can be established only if existing community hospitals are not harmed in the process, ultimately protecting the ability of all Iowans to receive comprehensive healthcare.

2

The CON law itself protects hospitals by ensuring that the types of new outpatient surgical centers which can be opened *without* Council review  (those opened by or affiliated with hospitals or those like the Surgery Center of Cedar Rapids operated in partnership with a hospital) are those which will not jeopardize the financial health of hospitals.  Additionally, the historical actions of the Council regarding those projects which *have* required Council review further establish that the CON process benefits hospitals in the interest of protecting patient access.  In each application for an outpatient surgical facility considered by the Council, hospital opposition has resulted in the Council's denial of the application.  In each case in which a hospital has not opposed the application, such application has been granted.  Specifically, since 2005, the Council has reviewed 12 applications to establish an outpatient surgical facility (aside from Dr. Birchansky's latest attempt) –  each of the eight proposals which were opposed by hospitals were denied, each of the four which were unopposed by hospitals were approved.  *See, e.g.* Plaintiffs' App. at 858-861, 865-868, 885-889, 1019-1024; Defendants' App. at 68-73, 110, IDPH 53049-53053, 53145-53149, 1021-1026, 834-838, 3286-3290.  Hence, the CON law and the CON process operate to protect the financial wellbeing of hospitals to ensure they can continue to serve all Iowans in need of comprehensive healthcare services.

Finally, Plaintiffs assert the Department has produced no basis on which to conclude that "the CON requirement allows hospitals to use outpatient surgery to subsidize essential services." (Plaintiffs' Resistance at 9).  To the contrary, the Defendants have cited case law, studies, journal articles, testimony from Iowa hospitals, testimony from the reviews of Iowa's CON statute, statements from other states which have repealed CON, and testimony from Dr. Birchansky himself, to establish that the

CON law does in fact allow hospitals to do just that.  *See, e.g*., App. pp. 6-8; 68-73,

¶¶ 16-19; 40; 79; 103-106; 110; 126; 130-131; 149-150; 151; 153-154; 155-156; *see also*

James Simpson, *State Certificate of Need Programs*, 75 Am. J. of Public Health 1225

(October 1985);  *Colon Health Centers*, 813 F.3d 145, 157 (4th Cir. 2016).

II.      THIS COURT MAY CONSIDER ALL EVIDENCE CITED BY
         DEFENDANTS IN THEIR MOTION FOR SUMMARY JUDGMENT.

Plaintiffs' complaints about the sufficiency of the evidence offered by Defendants

are misguided on three grounds.  First, the deferential rational basis standard does not

require the State Defendants to offer any evidence whatsoever to support Iowa's CON

statute.  *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1019 (8th Cir. 2012)

(government not required to offer "evidence" or "empirical data" to support public

health statute).  Instead, rational basis review requires only that the General Assembly

could have reasonably speculated that the CON law achieves its intended aims.  The

myriad arguments advanced by Defendants in their Motion for Summary Judgment

provide ample grounds for this conclusion.

Second, the Plaintiffs' assertions that the journal and newspaper articles offered

by the Defendants are inadmissible and cannot be considered by the Court again miss

the point of Defendants' references to these reports and studies.  Defendants do not

refer to these reports and studies to establish the truth of the matters asserted therein,

but rather to show that these topics have been the subject of study and reporting and

that issues surrounding the efficacy of CON programs are being legitimately debated in

the public realm.  Accordingly, the Court may appropriately consider these studies and

articles in its review of Defendants' Motion for Summary Judgment.  *See Mitchell v.*

*NBA & WNBA*, No. 08-00023-CV-W-GAF, 2008 WL 11337605 (Feb. 26, 2008)

(newspaper articles "are generally self authenticating, Fed. R. Evid. 902(6), and present no hearsay problem since Defendants do not offer them to prove the truth of the matters asserted").

Third, the Court can take judicial notice of articles cited by Defendants from publications such as the American Journal of Public Health, the Journal of the American Medical Association (JAMA), and from newspapers. *See, e.g*. DSUF at ¶ 20; *Barron v. South Dakota*, No. CIV 09- 4111 (U.S. Dist. Ct. S.D.), 2010 WL 9524819, (Sept. 30, 2010) ("Courts may properly take judicial notice of newspapers and other publications as evidence of what was in the public realm at the time"). Again, these studies are cited not to establish that CON programs do in fact cut costs or increase access, but to show the serious ongoing debate about these issues in state houses across the country - the very existence of which defeats the Plaintiffs' claims. *See Minnesota v. Clover Leaf Creamery*, 449 U.S. 456, 464 (1981) (a party cannot prevail on a rational basis challenge "so long as it is evident from all the considerations presented to the legislature, and those of which we may take judicial notice, that the question is at least debatable").

Finally, the Court may take judicial notice of the facts found on websites if the parties do not challenge the accuracy of the statements. *See Barron v. South Dakota*, 2010 WL 9524819, *3 ("It is not uncommon for courts to take judicial notice of factual information found on websites," in so doing courts should consider whether the opposing party has "challenged the accuracy of this evidence"). Here, it would be curious for Plaintiffs to challenge the accuracy of facts Defendants obtained from the Plaintiffs' own website, and indeed they do not and the court is therefore free to take judicial notice of this information. *Id.*

## CONCLUSION

For the reasons expressed above, the Defendants respectfully request the Court grant their Motion for Summary Judgment.


Respectfully submitted,

THOMAS J. MILLER
ATTORNEY GENERAL OF IOWA


JEFFREY S. THOMPSON
Solicitor General

  _/s/  Jeffrey C. Peterzalek_
JEFFREY C. PETERZALEK
Assistant Attorneys General
Iowa Department of Justice
Hoover State Office Building, 2nd Fl.
1305 East Walnut Street
Des Moines, Iowa 50319
Telephone:  (515) 281-4213
Facsimile:  (515) 281-4209
Email:  Jeffrey.Peterzalek@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

All Parties Served Electronically

| Proof of Service |
| --- |
| The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on August 3, 2018. |

☐ U.S. Mail      ☐ FAX
☐ Hand Delivery      ☐ E-mail
☐ Federal Express      ☒ Electronic Filing

Signature:  ./s/  Val Naset